UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re

STEPHANIE MARIE SCHAUER,

Debtor.

Case No. 07-26758

Chapter 7

---

STATE OF WISCONSIN,

Plaintiff,

v.

Adversary No. 07-2317

STEPHANIE MARIE SCHAUER,

Defendant.

---

MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

The plaintiff, State of Wisconsin, filed an adversary proceeding under 11 U.S.C. § 523(a)(5) seeking a determination that an obligation owed by the defendant, Stephanie Schauer, is excepted from the debtor's discharge. The plaintiff moved for summary judgment on the grounds that, as a matter of law, child care overpayments are domestic support obligations within the meaning of 11 U.S.C. § 101(14A) and thus nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The *pro se* defendant filed an answer to the complaint; however, she has not filed a response to the motion for summary judgment.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and the court has jurisdiction under 28 U.S.C. § 1334. The following constitutes the court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052. For the reasons stated below, the plaintiff's motion is granted.

BACKGROUND

The State of Wisconsin, through its Wisconsin Department of Workforce Development, contracts with the County Human Services' Departments to administer the Wisconsin Works (W2) Child Care Subsidy program. *See* Wis. Stat. § 49.155. The child care program provides a subsidy to low-income families who require child care to obtain or retain employment. When the debtor applied for child care assistance, and in subsequent reviews, she was advised orally and in writing, that she had to report any changes in income within 10 days.

According to the plaintiff, the defendant failed to report all of her income which, when considered, made her ineligible for the state's child care program. Under section 49.195(3), Wis. Stat., the state is entitled to recover the overpayment upon notice to the program participant, and this notice was provided to the defendant.

Through the Outagamie County Department of Health and Human Services, the plaintiff calculated the overpayments.[1] The gross income limit for child care benefits for a household of two during the relevant period, July 2006 through December 2006, was $2,200.00 per month. (Laura Schroeder, Outagamie County Health and Human Services, Economic Support Specialist, Affidavit ¶¶ 3, 4). The plaintiff determined the debtor was not eligible for child care payments during the months of July, August, September and December 2006 because her total gross monthly income exceeded the gross monthly income limit for eligibility of $2,200.00 (Schroeder Affidavit ¶ 5). During those months, the county had paid the debtor $535.00 in July 2006, $321.00 in August 2006, $428.00 in September 2006, and $485.00 in December 2006.

---

[1]The plaintiff alleged in its complaint it had overpaid the debtor $3,615.00. After the debtor filed her answer questioning the calculation of overpayments, the county recalculated the payments received and eligibility figures and revised the total amount overpaid.

(Schroeder Affidavit ¶ 6). The plaintiff additionally determined that the debtor was only partially eligible for child care benefits during the months of October and November 2006 because her gross monthly income was less than $2,200.00, but greater than the amount originally budgeted for child care benefits. (Schroeder Affidavit ¶ 7). Because of this, the debtor was paid $535.00 in October 2006 and $428.00 in November 2006, when she was eligible to receive only $490.00 and $392.00, respectively. The debtor received child care overpayments totaling $1,850.00 from July 2006 through December 2006. The debtor has not challenged these calculations.

ARGUMENTS

The plaintiff contends the Code's definition of "domestic support obligation" is clear and includes the debtor's obligation to repay the state for her child's care. This is a debt owed to or recoverable by a governmental unit; in the nature of support of her child provided by a governmental unit; established in accordance with applicable non-bankruptcy law by a governmental unit; and is not assigned to a non-governmental entity. *See* 11 U.S.C. § 101(14A). Thus, it meets the definition of a "domestic support obligation," which in turn is excepted from discharge under 11 U.S.C. § 523(a)(5). While the obligation may not have been excepted from discharge under the Code previous to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, *see, e.g., In re Platter*, 140 F.3d 676, 677 (7th Cir. 1998), the BAPCPA explicitly included, in the definition of a domestic support obligation, debts in the nature of support, owed directly to or recoverable by a governmental unit.

In the defendant's answer to the complaint, she stated she was unaware holiday bonuses were considered an increase in salary. She also noted that $60.00 per week was deducted from her paycheck for health care costs. According to her tax return, the debtor's adjusted gross

income for tax year 2006 was $23,958, which is less than the gross income limit for the child care assistance program.

DISCUSSION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986). "All facts and reasonable inferences must be construed in the light most favorable to ... the non-moving party." *Mannoia v. Farrow,* 476 F.3d 453, 457 (7th Cir. 2007).

A party may succeed on summary judgment by showing that the undisputed facts entitle the movant to judgment as a matter of law, *see Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159-60, 90 S.Ct. 1598 (1970), or by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). Under the second method of obtaining summary judgment, the movant must show that the nonmovant has insufficient evidence to survive summary judgment. *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). Then the burden shifts to the nonmovant to present such evidence. Rule 56 sets forth the standard:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

The facts set forth in the plaintiff's affidavit have not been disputed by the debtor. The

court notes that the debtor's income calculations appear to be monthly averages based on annual income, whereas the relevant state statute requires consideration of actual income on a month by month basis to determine a party's eligibility for the child care program. For purposes of summary judgment, the court thus accepts the plaintiff's figures as accurate.

Section 523 of the Bankruptcy Code specifies that certain debts are nondischargeable in a bankruptcy case. The pertinent portions of section 523, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, specify: "(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... (5) for a domestic support obligation." 11 U.S.C. § 523(a)(5). BAPCPA added the term "domestic support obligation" ("DSO") to the Code. Section 101(14A) provides that a DSO is:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
>
> (A) owed to or recoverable by –
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>
> (i) a separation agreement, divorce decree, or property settlement agreement;
>
> (ii) an order of a court of record; or
>
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A). The term "domestic support obligation" is broad and includes a wide variety of obligations. Prior to the 2005 amendments, the Code provided that the debt in question must be one owed to a spouse, former spouse or child of the debtor. BAPCPA significantly modified the treatment of nondischargeable support obligations:

> The definition [found in revised section 101(14A)] moves beyond the former Code section to domestic support obligations that are "owed to or recoverable by ... a governmental unit." Thus, assuming that the debt is in fact a domestic support one and that it meets the other criteria of section 101(14A), even though the debt is neither owed to or recoverable by the relatives of the debtor, it may be nondischargeable upon a complaint filed by a governmental unit. Typically, this would mean that if some governmental unit had provided benefits that had the effect of supporting the debtor's spouse, former spouse, or child, those benefits would fall within the definition of domestic support obligation and would be covered by section 523(a)(5).

William Houston Brown, BANKRUPTCY & DOMESTIC RELATIONS MANUAL § 6:4 (updated September 2007). In this case, the debt is owed to a governmental unit; is in the nature of assistance provided by a governmental unit to a child of the debtor; was established by the governmental unit in accordance with applicable nonbankruptcy law; and has not been assigned to a nongovernmental entity.

When it created the definition of a DSO, Congress clearly intended to broaden the types of debts that are not subject to discharge. Prior to BAPCPA, only certain governmental support debts, primarily those collectible pursuant to the Social Security Act, were excepted from discharge under 11 U.S.C. 523(a)(18). The new definition encompasses *all* debts to a governmental unit related to support, such as the child care subsidy at issue here, and 11 U.S.C. § 523(a)(5) provides the exception from the debtor's discharge. The definition is broader in other ways not relevant here, in that it applies to obligations to an expanded group of individuals providing support for the debtor's dependants, and it also applies to obligations that come due

after the date of filing. Numerous other code provisions were impacted as well, generally with the result that even more of these obligations cannot be avoided by bankruptcy debtors. Consistent with this policy, this debt clearly falls within the category of nondischargeable debts. Since the State's calculations are not refuted, it is entitled to a nondischargeable judgment in the amount requested.

A separate order for judgment will be entered accordingly.

June 13, 2008

Margaret Dee McGarity
Chief Judge, U.S. Bankruptcy Court